## B. AITKEN AND J. PRESCOTT *v.* E. T. MENDENHALL.

CROSS-EXAMINATION OF WITNESS.—A witness on cross-examination can only be interrogated in regard to such matters as he testified about on his examination in chief, if objection is made on that ground.

DAMAGES.—If plaintiff in his complaint claims more damages than he is entitled to, this will form no ground for reversing the judgment. If, on the trial, plaintiff offers testimony to prove damages he is not entitled to, and defendant objects to its introduction, and there is a ruling against him, the question can be reviewed on appeal.

APPEAL from the District Court, Eleventh Judicial District, Placer County.

The facts are stated in the opinion of the Court.

*Chas. A. Tuttle*, for Appellant.

*Jo Hamilton*, for Respondents.

By the Court, SHAFTER, J.

The complaint alleges that the defendant was the owner of a sawmill, and that on the 16th of January, 1861, he leased it to the plaintiffs for one year, on terms, that he, the defendant, would keep the mill constantly supplied with logs, to be sawed by the plaintiffs for the defendant at the rate of four dollars and fifty cents per thousand feet. It is further alleged that the plaintiffs "were to run the mill one year, with the

refusal on their part of running it two years on the same terms; that is to say until the 16th of January, 1863." There are other provisions in the contract, as set forth, but it is unnecessary to notice them for the purposes of this appeal. The breach assigned is, "that since the month of November, 1861, the defendant has wholly failed to furnish any logs at all to said mill, so that plaintiffs were compelled to be idle and dismiss the hands in their employ."

Trial by jury—verdict and judgment for plaintiffs.

The appeal is from the judgment and from the order denying defendant's motion for a new trial.

It appears from the statement, that the plaintiffs in the course of the trial called on one Hawkins as a witness, and from the record of his testimony, given in chief, it appears to have been confined to points in the plaintiff's case, distinct from the breach complained of.

The counsel of the defendant, in the course of his cross-examination, proposed to prove by the witness that during the summer and fall of 1861, "plaintiffs went away and left the mill idle, when there was a plenty of logs." The plaintiffs objected to the introduction of this testimony; the objection was sustained, and the defendant excepted.

The ruling of the Court was correct. The witness not having testified in chief upon the subject of the alleged breach, the defendant had, in strictness, no right to interrogate the witness upon that subject at that time. (*Thornburg* v. *Han,l*, 7 Cal. 561; *Jackson* v. *F. R. and G. Water Co.*, 14 Cal. 23.)

Objection is taken to the judgment for the reason "that the complaint claims damages for more than six months after the contract expired."

If the counsel of the appellant are right in their construction of the complaint, still the fact that the plaintiffs have claimed damages beyond the just measure of their right, would not in itself be a ground for reversing the judgment. If the plaintiffs at the trial offered testimony to prove damages which they had no right to claim, the defendant should have

objected to its introduction, and in the event of an adverse ruling they could have brought the question here for review.

Judgment affirmed.